UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MICHAEL ARMSTEAD,

    Plaintiff,

  v.

BEST BUY STORES, L.P.,

    Defendant.

No. CV-06-118-FVS

ORDER

**BEFORE THE COURT** is Defendant's Motion to Dismiss (Ct. Rec. 7), Plaintiff's Motion to Amend/Correct Complaint (Ct. Rec. 22), and Plaintiff's Motion for Entry of Default (Ct. Rec. 23). Plaintiff Michael Armstead is represented by J. Scott Miller. Defendant Best Buy is represented by David Martinez, Rebecka Biejo, Roman Silberfeld and Thomas McLane.

**BACKGROUND**

Plaintiff filed his Complaint in this action in Spokane County Superior Court on March 28, 2006. The Complaint asserts causes of action under Washington's Law Against Discrimination, RCW 49.60, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Defendant removed the action to federal court on April 24, 2006, pursuant to 28 U.S.C. § 1441(b). This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff asserts a claim for relief under Title VII. The Court has supplemental jurisdiction over Plaintiff's pendant state law claims pursuant to 28 U.S.C. § 1367(a).

ORDER - 1

On April 28, 2006, Defendant filed a motion to dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6) and (f). On May 9, 2006, Plaintiff filed a stipulated motion asking the Court to amend/correct the caption in this matter to correctly identify the Defendant as Best Buy Stores, L.P., instead of Best Buy Company, Inc. The Court granted the stipulated motion and the caption in this matter was changed in the electronic filing system. On the same day, Plaintiff filed a motion to amend his complaint pursuant to Fed.R.Civ.P. 15(a) and a motion for default. The proposed First Amended Complaint asserts additional factual allegations as well as additional claims for assault, intentional infliction of emotional distress, negligence, hostile work environment, retaliation, and vicarious liability. The Plaintiff's original Complaint and proposed First Amended Complaint both request the Court certify this as a class action.

**DISCUSSION**

Pursuant to Local Rule 7.1(h)(3), the Court exercises its discretion and concludes, after reviewing the parties briefing, that these motions are suitable for determination without oral argument.

*Motion for Default*

Plaintiff moves for default on the basis that Defendant failed to file an Answer to Plaintiff's Complaint within the twenty (20) days required by Fed.R.Civ.P. 12(a). Although the Defendant has not filed an Answer, it filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6) and (f). The Rule 12(b) motion extends the Defendant's time to file a responsive pleading to Plaintiff's Complaint until 10 days after

ORDER - 2

notice of the Court's ruling on the Defendant's motion to dismiss. *See* Fed.R.Civ.P. 12(a).  Accordingly, Plaintiff's motion for default is denied.

### *Motion to Amend Complaint*

Under Rule 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."  Fed.R.Civ.P. 15(a).  "A motion to dismiss under Rule 12 is not a 'responsive pleading' within the meaning of Rule 15."  *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1130 n. 3 (9th Cir. 2000); *see also Morrison v. Mahoney*, 399 F.3d 1042, 1047 (9th Cir. 2005).  Thus, where a motion to dismiss is filed instead of an answer, Rule 15 allows a plaintiff to amend his original complaint once as a matter of course without the need of obtaining leave of the court.  An "amended complaint supersedes the original, the latter being treated thereafter as being non-existent."  *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997).

Here, Defendant has not filed an answer, but instead filed a Rule 12(b) motion to dismiss.  As no prior amendment to the original complaint has been filed[1], Plaintiff is entitled to amend his complaint once as a matter of right under Rule 15(a).  The amended

---

[1] The Stipulated Motion to Amend Caption (Ct. Rec. 13) in this matter does not function as Plaintiff's "one" chance to amend his complaint without leave of the Court.  Plaintiff's stipulated motion specifically asked the Court to correct the "caption" in this matter but never requested permission to file an amended complaint to reflect the name change.  Further, no amended complaint reflecting the change in Defendant's name has been filed.

ORDER - 3

complaint supersedes the original complaint in its entirety.  Since Defendant's Rule 12(b) motion to dismiss attacks the original and now "non-existent" complaint, Defendant's motion to dismiss is now moot.  Accordingly,

**IT IS HEREBY ORDERED:**

1.   Plaintiff's Motion for Entry of Default (**Ct. Rec. 23**) is **DENIED.**

2.   Defendant's Motion to Dismiss (**Ct. Rec. 7**) is **MOOT.**

3.   Plaintiff's Motion to Amend / Correct Complaint (**Ct. Rec. 22**) is **GRANTED.**

4.   The **June 1, 2006, hearing** on these matters is **STRICKEN.**

**IT IS SO ORDERED.**   The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 22nd day of May, 2006.

                         s/ Fred Van Sickle
                         Fred Van Sickle
                     United States District Judge

ORDER - 4